480 APPELLATE COURTS OF ILLINOIS.

Martin v. Chicago, Duluth & G. B. Transit Co., 194 Ill. App. 480.

## Edward H. S. Martin, Appellant, v. Chicago, Duluth & Georgian Bay Transit Company, Appellee.

### Gen. No. 20,652. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

### Statement of the Case.

Action by Edward H. S. Martin, plaintiff, against the Chicago, Duluth & Georgian Bay Transit Company, a corporation, defendant, in the County Court of Cook county, to recover on a contract for transportation in one of defendant's steamships from Chicago to Duluth and return. From a judgment for defendant, plaintiff appeals.

A. W. MARTIN, for appellant.

GARDNER, FOOTE & BURNS, for appellee; ORVILLE J. TAYLOR, JR., of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 263*—*when prospectus not part of contract with passenger*. The contract between a common carrier and a passenger is the ticket purchased by the passenger, which shows on its face that such is the intention of the parties; and a prospectus regarding the trip for which the ticket was purchased is no part of the contract, where no reference is made to it in the ticket, though alluring promises were made in the prospectus, which induced plaintiff to purchase the ticket, which were not performed by defendant.

2. CARRIERS, § 276*—*when duty to furnish wholesome food implied from ticket*. A clause in a ticket sold by a common carrier

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to a passenger, "meals and berth included," is to be construed to raise an implied contract that the food should be wholesome and fit for consumption.

3. PLEADING, § 434*—*what is effect of allegation under a videlicet.* Where an allegation in a declaration is made under a *videlicet,* the date is immaterial.

4. APPEAL AND ERROR, § 1526*—*when instruction harmless.* An instruction which inaccurately states the date when the contract sued upon was made, as a result of a similarly inaccurate allegation in the declaration, under a *videlicet,* though ordinarily reversible error, becomes harmless where the evidence will sustain no other verdict.